## CIRCUIT COURT OF FAIRFAX COUNTY

Maribeth Henry

    v.

Gary Lee Henry

November 1, 1996

Case No. C145205

BY JUDGE LESLIE M. ALDEN

This matter came before me at the October 25, 1996, hearing on complainant's Motion to Assume Jurisdiction and Incorporate Order. On June 27, 1996, the Fairfax County Juvenile and Domestic Relations Court (JDR) entered a Consent Order which permanently restrained the defendant from having contact with the complainant and which further restrained the defendant from having contact with the parties' minor child until the court entered a custody order. On July 17, the complainant filed a Bill of Complaint for Divorce with this Court; the bill included the complainant's request for sole custody of the child. On July 31, the defendant filed an Answer and Cross-Bill of Complaint requesting custody of the child. The defendant then filed a petition for a determination of custody and support in the JDR. The JDR instructed the parties to have the issue of venue determined by this Court. The complainant thus moves this Court to accept jurisdiction of the custody and support issues and to enforce and adopt the June 27 Consent Order.

The JDR has jurisdiction over cases involving child custody, visitation, and support where a determination on those issues is required. Va. Code § 16.1-243. However, nothing in § 16.1-243 "shall deprive any other court of the concurrent jurisdiction to determine the custody, guardianship, visitation, or support of children when such custody, guardianship, visitation, or support is incidental to the determination of causes pending in such courts . . . ." Va. Code § 16.1-244. Here, custody and support are incidental to the issues raised in the suit for divorce filed in this Court in July, as

requested by the complainant and also as prayed for by the defendant in the Cross-Bill. Thus, this Court has authority to assert jurisdiction over the child custody and support issues formerly raised in the JDR.

Because the matters of divorce, fault grounds, and equitable distribution are already before this Court exclusively, it would serve the interests of judicial economy for the attendant issues of custody, spousal support, and child support to be heard by this Court as well. I am thus granting the complainant's Motion to Assume Jurisdiction and Incorporate Order. An order providing that the matters of custody and child support will hereinafter be heard by this Court will be entered on this date.